UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
------------------------------------------------------------------------ x

GABRIELLA TILLERY, AS GUARDIAN TO GENEVIVE
MARULLO, and CARTER MARULLO,

                              Plaintiffs,

                   -against-

BALTIMORE CITY, BALTIMORE CITY POLICE
DEPARTMENT, BALTIMORE COUNTY, BALTIMORE
COUNTY POLICE DEPARTMENT, LOWER
CHICHESTER TOWNSHIP, LOWER CHICHESTER
TOWNSHIP POLICE DEPARTMENT, DELAWARE
COUNTY, DELAWARE COUNTY SHERIFF'S OFFICE,
OFFICER TIMOTHY MCBRIDE and JOHN DOES 1-30,
RICHARD ROES 1-30,

                              Defendants.
------------------------------------------------------------------------ x

Index #: 21cv1067

COMPLAINT

JURY TRIAL DEMANDED

      By and through his attorney, Law Office of Natalie Finegar, and Wylie Stecklow PLLC Plaintiff Gabriella Tillery, as guardian of Genevive Marullo and Carter Marullo, the children of Michael Marullo, alleges upon knowledge, information, and/or belief as follows:

## PRELIMINARY STATEMENT

    1. This is a civil rights action in which Plaintiff Gabriella Tillery, as the guardian of Genevive Marullo and Carter Marullo, seeks relief for Defendants' violation of Michael Marullo's rights, privileges, and immunities secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of Maryland.

    2. It is alleged that the Defendants, acting jointly and severally, committed a series of unlawful acts that culminated in the shooting death of Decedent, MICHAEL MARULLO, a 33 year old son and father outside of 5900 Radecke Avenue, in Baltimore, Maryland, on February 12, 2020, and, in so doing, deprived the Decedent of rights secured by the United States Constitution, federal law, and the Constitution and laws of the State of Maryland.

## JURISDICTION AND VENUE

    3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 USC. §1367 to hear and decide claims arising under state law.

4. Venue in the District of Maryland is proper under 28 U.S.C. §1391(b)because a substantial part of the events giving rise to this action occurred within the district.

## JURY DEMAND

5. The Plaintiffs hereby demands trial by jury and all issues properly triable thereby.

## PARTIES

6. Plaintiff GABRIELLA TILLERY is a resident of the United States. Ms. Tillery is the guardian of Genevive and Carter Marullo, the children of Michael Marullo.

7. Plaintiff GENEVIVE MARULLO ("Ms. Marullo"), is a natural person and resident of United States, residing in Delaware County and State of Pennsylvania. She is the surviving daughter of Mr. Michael Marullo.

8. Plaintiff CARTER MARULLO ("Mr. Marullo"), is a natural person and resident of United States, residing in the county of Delaware County and State of Pennsylvania. He is the surviving son of Mr. Michael Marullo.

9. Defendant BALTIMORE CITY ("CITY") is a duly constituted municipal corporation of the State of Maryland. City is authorized under the laws of the State of Maryland to maintain a police department, the Baltimore City Police Department. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant BALTIMORE CITY POLICE DEPARTMENT ("BCPD") acts as the agent of the City in the area of law enforcement and for which it is ultimately responsible. BPCD is liable for the acts of members of its police force.

11. Defendant BALTIMORE COUNTY ("COUNTY") is a duly constituted municipal corporation of the State of Maryland. City is authorized under the laws of the State of Maryland to maintain a police department, the Baltimore County Police Department. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12. Defendant BALTIMORE COUNTY POLICE DEPARTMENT ("COUNTY PD") acts as the agent of the City in the area of law enforcement and for which it is ultimately responsible. BPCD is liable for the acts of members of its police force.

13. Defendant LOWER CHICHESTER TOWNSHIP ("TOWNSHIP") is a duly constituted municipal corporation of the Commonwealth of Pennsylvania. It is authorized under the laws of the Commonwealth of Pennsylvania to maintain a police department, the LOWER CHICHESTER TOWNSHIP POLICE DEPARTMENT ("LCTPD").  The Township assumes the risks incidental to the maintenance of a police force and the employment of police officers.

14. Defendant LOWER CHICHESTER TOWNSHIP POLICE DEPARTMENT ("LCTPD") acts as the agent of the Township in the area of law enforcement and for which it is ultimately responsible. LCTPD is liable for the acts of members of its police force.

15. Defendant DELAWARE COUNTY ("County") is a municipality entity created and authorized under the laws of the Commonwealth of Pennsylvania. It is authorized by law to maintain a police department, Delaware County Sheriff's Department ("SHERIFF") ,The County assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by DELAWARE COUNTY.

16. Defendant Delaware County Sheriff's Department ("SHERIFF") as the agent of the County in the area of law enforcement and for which it is ultimately responsible. Sheriffs liable for the acts of members of its police force.

17. Defendant POLICE OFFICER TIMOTHY MCBRIDE ("PO MCBRIDE") is an employee of the Township and a member of the Lower Chichester Township Police Department. He is one of the officers who swore an affidavit of Probable Cause for an arrest warrant for Michael Marullo. At all times relevant to the facts of the Complaint, said Defendant was acting under color of law and within the scope of his employment by the Township. Said Defendant is sued in his individual and official capacities.

18. John Does 1-10 are employees of CITY and/or BCPD, or any other municipality, created pursuant to the laws of the State of Maryland, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

19. Richard Roes 1-10 are supervising employees of CITY and/or BCPD, or any other municipality, created pursuant to the laws of the State of Maryland, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

20. John Does 11-20 are employees of COUNTY and/or COUNTY PD, or any other municipality, created pursuant to the laws of the State of Maryland, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

21. Richard Roes 11-20 are supervising employees of COUNTY and/or COUNTY PD, or any other municipality, created pursuant to the laws of the State of Maryland, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

22. John Does 21-30 are employees of TOWNSHIP and/or LCTPD or any other municipality, created pursuant to the laws of the Commonwealth of Pennsylvania, involved in the facts set out in this complaint, including but not limited to the issuance of the arrest warrant for Decedent MICHAEL MARULLO, the investigation relating to Lower Chichester Police Department Complaint Number 20200211M7001, and anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

23. Richard Roes 21-30 are supervising employees of TOWNSHIP and/or LCTPD or any other municipality, created pursuant to the laws of the Commonwealth of Pennsylvania, involved in the facts set out in this complaint, including but not limited to the issuance of the arrest warrant for Decedent MICHAEL MARULLO, the investigation relating to Lower Chichester Police Department Complaint Number 20200211M7001, and anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

24. John Does 31-40 are employees of COUNTY and/or SHERIFF's, or any other municipality, created pursuant to the laws of the State of Delaware, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

25. Richard Roes 21-30 are supervising employees of COUNTY and/or SHERIFF's, or any other municipality, created pursuant to the laws of the State of Delaware, involved in the facts set out in this complaint, including but not limited to anyone from these locales who was present at the scene on or about February 12, 2020 and whose names are presently unknown to Plaintiff. On information and belief, said Defendants shot and killed Decedent MICHAEL MARULLO when he was unarmed and surrendering. Their names will be added, upon motion, once Plaintiff has learned the names through the discovery process.

**FACTUAL ALLEGATIONS**

26. The incident complained of herein occurred on or about February 12, 2020 at approximately 12:30 p.m., Decedent, MICHAEL MARULLO, while exiting his apartment with his hands raised in the act of surrendering to law enforcement, was killed by members of a joint federal task force that included various members of the defendant police departments.

27. Upon information and belief, the task forces included the Maryland State Police Task Force and U.S. Marshal Fugitive Task Force.

28. Upon information and belief, the various law enforcement departments that were part of the task forces present at the MICHAEL MARULLO's home on February 12, 2020, were signators to a law enforcement corroboration agreement.

29. The Decedent, MICHAEL MARULLO, was a former Correction Officer in Baltimore County, who resigned, upon information and belief, in December of 2019.

30. On February 11, 2020, at approximately 4:15 p.m., Decedent, MICHAEL MARULLO was picking up his toddler twin children, Plaintiffs GENEVIEVE MARULLO and CARTER MARULLO, from day care. The pick up was at Bridge Church in Marcus Hook, Pennsylvania,

31. Douglas McDonald owned a car detailing service across the street from the Bridge Church.

32. Robinn McDonald, the grandmother of Plaintiffs GENEVIVE and CARTER MARULLO, is married to Douglas McDonald. On at least one prior occasion, during a phone call on or around February 9, 2020, Douglas Mcdonald had threatened to harm Michael Marullo.

33. McDonald saw the Decedent, MICHAEL MARULLO across the street from McDonald's business, where Marullo was picking up his children from day care.

34. McDonald waved the Decedent over to his business.

35. Upon information and belief, MICHAEL MARULLO complied with this request and with his twins in his vehicle, he drove across the street to the vicinity of McDonald's business.

36. Upon information and belief, when MICHAEL MARULLO, exited his car, McDonald attacked Marullo in the vicinity of his vehicle. MICHAEL MARULLO was able to extricate himself from this physical attack, and left in his car with his children.

37. MICHAEL MARULLO drove his two children to their grandmother's, Robinn McDonald, the wife of Douglas McDonald, where the children's mother was along with her other children.

38. MICHAEL MARULLO dropped the children off, and, upon information and belief, drove to his home in Baltimore.

39. Upon information and belief, Douglas McDonald filed a criminal report with the Lower Chichester Police Department against MICHAEL MARULLO.

40. Upon information and belief, having just returned to Baltimore, MICHAEL MARULLO was informed of the criminal complaint filed by Douglas McDonald (Douglas complaint).

41. MICHAEL MARULLO sought local legal counsel to deal with the Douglas complaint.

42. MICHAEL MARULLO then drove back to Pennsylvania and remained at the parking lot of a McDonalds' Restaurant located at 2326 Market Street, Linwood, Pennsylvania ("Market Street Lot").

43. The Market Street Lot in Linwood, PA is *less than* a mile from the Lower Chichester Police Station.

44. Eventually, MICHAEL MARULLO, moved his car to the parking lot of the Bridge Church (where his children were in day care). MICHAEL MARULLO slept in his vehicle that evening parked in the Bridge Church, which is *less than a tenth of a mile from the Lower Chichester Police Department*.

45. At 9:45 a.m., an arrest warrant was generated in the Pennsylvania Magisterial District Court, MDJ-32-1-36, issued by the Honorable David R. Griffin. The offense was PA 18 § 2701, Simple Assault, a misdemeanor in the second degree.

46. In the application for this warrant, Defendant McBride identified multiple possible charges against MICHAEL MARULLO, however, the issuing Judge only identified the offens as Simple Assault, a misdemeanor in the second degree.

47. In the Warrant that was then issued, arising from the simple assault warrant, it identified under NCIC extradition code that this was a FELONY with FULL EXTRADITION unless otherwise noted.

48. At approximately 11:00 a.m. on February 11, 2020, the Decedent, MICHAEL MARULLO, drove back to his home at Baltimore. Upon information and belief, during that drive he called the mother of his children, Gabriella Tillery, and his mother, Susan Marullo.

49. At Approximately 12:00 p.m. on February 11, 2020, the Decedent, MICHAEL MARULLO, arrived at 5900 Radecke Avenue, Baltimore, Maryland.

50. Shortly thereafter, a Maryland State Police Task Force and U.S. Marshal Fugitive Task Force arrived to arrest the Decedent, MICHAEL MARULLO, for the Pennsylvania warrant.

51. The Decedent, MICHAEL MARULLO, exited his apartment with his hands up. Defendant JOHN DOE OFFICERS and/or RICHARD ROE OFFICERS shot and killed him. In the crossfire, officers also shot each other.[1]

52. The Decedent, MICHAEL MARULLO, did not have a gun in his hand when he exited the apartment, nor did he fire a round at all prior to or during the officer's attempt to arrest him.

53. A Notice of Claim pursuant to 42 Pa. C.S. § 5522 was timely served upon Defendant Chichester Township and Delaware County, as well as the Pennsylvania Office of the Attorney General. More than thirty days have elapsed without the matter being resolved by the Defendants. The Notice of Claim identified Defendant OFFICER TIMOTHY MCBRIDE by name and provided information regarding the actions that the officers took during the killing the Decedent, MICHAEL MARULLO, and was sufficient to put each of the Defendants on notice of the conduct that they were alleged to have engaged in.

54. A Notice of Claim pursuant to Md. Code Ann. Courts & Jud. Proc. §5-304 was timely served upon Defendant Baltimore City.

55. A Notice of Claim pursuant to Md. Code Ann. Courts & Jud. Proc. §5-304 was timely served upon Defendant Baltimore County.

56. More than thirty days have elapsed without the matter being resolved by the Defendants. The Notice of Claim identified Defendant OFFICER TIMOTHY MCBRIDE by name and provided information regarding the actions that the officers took during the killing the Decedent, MICHAEL MARULLO, and was sufficient to put each of the Defendants on notice of the conduct that they were alleged to have engaged in.

57. In the State of Maryland, there have been numerous incidents wherein law enforcement would exercise force, including deadly force, during enforcement actions, depriving the individuals suffering the use of force of constitutional rights, including but not limited to rights guaranteed by the 4th, 8th and 14th Amendments to the United States Constitution.

58. Among the instances where this occurred prior to the killing of MICHAEL MARULLO were:

    a. August 2013 the shooting death of Tavon Smith and Baltimore County Police Officer Jason Schneider occurred during the service of an arrest warrant for an individual that was not present in the home, and who was subsequently acquitted of the charge underling the warrant that was being served that day;

    b. June 2005 shooting death of Cheryl Lynn Noel by Baltimore County Police Officers during service of a warrant that resulted in less than a misdemeanor amount of marijuana in the home;

---

[1] Footage of this shooting was taken by a witness and played in the media. The video depicts Marullo leaving his apartment building with his hands up before being shot.

7

    c. The findings of the ACLU of Maryland in a report issued in March 2015 titled, *Briefing Papers on Deaths in Police Encounters in Maryland, 2010-2014,* that included of the 109 deaths that occurred in the police encounters in Maryland in that time frame occurred in Baltimore City and 13 occurred in Baltimore County (with only Prince Georges County having more than 13, with 21); and that less than two (2) percent of cases resulted in any charges against the police officers involved;

    d. The Baltimore Police Policy 1007 issued February 9, 2021 that updated and refined the use of warrants and the standards for obtaining warrants that includes information required to be included in affidavits underlying warrants including, but not limited to, (i) Material facts impacting the credibility of an informant or witness(23.1); (ii) The bias of an informant or witness (23.2) and material evidence that would undermine informant's statement of events (23.5);

    e. The U.S. Department of Justice Civil Rights Division issued a report in August 2016 that held that Baltimore City Police Department uses unreasonable force, and its overly aggressive tactics unnecessarily escalated encounters and resulted in excessive force.

    f. The U.S. Department of Justice Civil Rights Division issued a report in August 2016 that held that Baltimore City Police fails to adequately supervise its officers, fails to hold officers accountable for misconduct, fails to properly train and provide guidance to its officers; all leading to constitutional violations

59. These incidents provided notice to Defendants CITY, BCPD, COUNTY and COUNTY PD, that their officers were likely to face instances of difficult decision making in the use of force during the service of warrants.

60. These incidents provided notice to Defendants CITY, BCPD, COUNTY and COUNTY PD, that the use of force decisions their law enforcement officers and employees would face while serving warrants would be made easier with better training regarding the use of force during the service of warrants.

61. Defendants CITY, BCPD, COUNTY and COUNTY PD knew that proper training regarding the use of force during the service of warrants would help ensure their employees would understand the appropriate use of force in such situations and avoid frequently violating the constitutional rights of individuals to whom their employees would come into contact.

62. Having been provided notice by these prior incidents that the employees and agents of Defendants CITY, BCPD, COUNTY and COUNTY PD were not properly trained in the exercise of force in the enforcement of warrants, these Defendants had a choice about what corrective action they could take to safeguard the constitutional rights of their citizenry.

63. Upon information and belief, in light of the notice provided by the prior incidents, there has been no change to the training received by law enforcement employees and agents of the

Defendants CITY, BCPD, COUNTY and COUNTY PD, in regard to their use of force while serving a warrant.

64. The failure of these Defendants to update their training is deliberately indifferent to the rights of its citizenry that would come into contact with these Defendants law enforcement officers and agents during service and enforcement of a warrant.

65. Plaintiffs suffered the untimely end of their relationship with their father with the corresponding loss of his services, support love and affection, care, protection, assistance, society, comfort, guidance, counsel and advice.

## FEDERAL CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
*(Pursuant to 42 U.S.C. §1983 for Violations of the Fourth and Fourteenth Amendments against all the Individual Defendants)*

66. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

67. The Individual Defendants, all acting under color of law as police officers, caused the Decedent, MICHAEL MARULLO, to be unlawfully arrested, falsely imprisoned, and killed in violation of his rights to be free of unreasonable seizure under the Fourth Amendment of the Constitution of the United States, free from excessive force under the 4th and 8th Amendments to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

68. The Individual Defendants, MCBRIDE, John Does 1-40, and Richard Roes 1-40 involved in the investigation relating to Lower Chichester Police Department Complaint Number 20200211M7001, and Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF's were all acting under their authority and their scope of their employment by Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF's, and therefore are responsible for their conduct.

69. As a result of the aforementioned conduct of Defendants, the Decedent, MICHAEL MARULLO, sustained injuries, including but not limited to physical, emotional, psychological, economic injuries, and loss of life.

70. The Plaintiffs GENEVIVE MARULLO and CARTER MARULLO have lost the services, guidance, nurture, and financial support of their father, as well as any inheritance.

71. The aforesaid actions of said Defendants were an unreasonable and unnecessary use of excessive force that deprived the Decedent, MICHAEL MARULLO, of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
*(Supervisory Liability)*

72. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

73. The Individual Defendants Richard Roes 1-40 performed supervisory functions of Defendant OFFICER TIMOTHY MCBRIDE and John Doe Defendants 1-40.

74. The Individual Defendants Richard Roes 1-40 failed to properly supervise said officers and took no action that would have prevented the injuries sustained by Decedent, MICHAEL MARULLO.

75. As a direct and proximate cause of said Individual Defendants Richard Roes 1-40 failure to properly supervise their subordinates, the Plaintiffs' and Decedent MICHAEL MARULLO's state and federal constitutional rights were violated, including, as aforementioned in violation of 42 U.S.C. §1983.

## STATE CLAIMS FOR RELIEF
## THIRD CLAIM FOR RELIEF
*(For Conscious Pain and Suffering)*

76. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

77. The Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendants OFFICER TIMOTHY MCBRIDE and John/Jane Doe Defendants without just cause, or provocation, used force *and/or* deadly physical force against Decedent, MICHAEL MARULLO. The use of such force was not justified or warranted under the circumstances and constituted unreasonable and unnecessary force.

78. The use of such force did not immediately cause Decedent MICHAEL MARULLO's death. As a result, he suffered and experienced a fear of impending death, severe emotional distress, and conscious pain and suffering.

79. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, decedent MICHAEL MARULLO, suffered serious injuries, namely personal injury of a pecuniary nature including, but not limited to, great pain and suffering before his death, pre-impact and post-impact fright, and medical expenses, subjecting Defendants to liability and damages pursuant to the Survival Act Statute.

80. The Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF are responsible for the actions of said Individual Defendants that were taken in the scope of their employment as police officers.

81. Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under the terms of the Survival Statute.

## FOURTH CLAIM FOR RELIEF
*(Wrongful Death)*

82. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

83. It was the duty of all Defendants to exercise reasonable care under the circumstances to protect and preserve the life of the decedent, Michael Marullo, and respect his right to be free from the officers' use of excessive force arising out of the attempted execution of the subject warrant. Yet, notwithstanding these duties, Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF, through their agents, servants, or employees, the Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendants OFFICER TIMOTHY MCBRIDE, within the course and scope of their employment failed to exercise reasonable care under the circumstances.

84. All Defendants used their authority to create a danger to MICHAEL MARULLO by escalating the conditions, which ultimately resulted in the death of MICHAEL MARULLO. The i Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendants OFFICER TIMOTHY MCBRIDE, officers intentionally, with malice afterthought used their authority and provoked him, and rendered him vulnerable to a violent death.

85. Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF acted with deliberate indifference to the Maryland Constitutional and United States Constitutional rights of decedent MICHAEL MARULLO and created a dangerous situation, that directly and/or proximately caused the death of MICHAEL MARULLO.

86. Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF acted with deliberate indifference to the Maryland Constitutional and United States Constitutional rights of decedent MICHAEL MARULLO and created a dangerous situation, that directly and/or proximately caused the death of MICHAEL MARULLO and there is no sufficient intervening cause that resulted in the injuries and death to MICHAEL MARULLO.

87. As a direct and proximate result of one or more of the aforementioned acts or omissions of all the Defendants, Plaintiffs' decedent suffered serious injuries that resulted in death.  All Defendants' aforementioned acts or omissions constituted gross negligence and a violation of decedent MICHALE MARULLO's constitutional rights under the Maryland Constitution and the United States Constitution.

88. Pursuant to the  Annotated Code of Maryland, Courts & Judicial Proceedings § 3· 904(a), Plaintiffs bring an action based upon the death of MICHAEL MARULLO at the hands of

Defendants. As a direct and proximate result of the wrongful death of MICHAEL MARULLO, the Plaintiffs, GENEVIVE and CARTER, his natural daughter and son, demand all damages recoverable under the Maryland Wrongful Death Statute, including but not limited to pecuniary loss, loss of society, loss of companionship, loss of comfort, loss of parental care, loss of protection, loss of attention, loss of advice, loss of counsel, loss of training, loss of education, loss of guidance, the costs of funeral, medical and psychological expenses, and all other damages or expenses claimed by the Plaintiffs directly including mental anguish, emotional pain and suffering, as well as all other damages recoverable under the wrongful death act of Maryland.

89. By virtue of the wrongful death of Decedent, MICHAEL MARULLO, the family of the Decedent have been deprived of the support, maintenance, and society of the prior relationship and communion with the Decedent, as well as the Decedent's society, guidance and of potential enhanced inheritance from MICHAEL MARULLO, including but not limited to, pecuniary loss mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of advice, the costs of funeral, medical and psychological expenses and all other damages or expenses claimed by the Plaintiffs.

90. As a result of the foregoing, the distributees and next of kin of the Decedent, MICHAEL MARULLO, have sustained damages; that as a result of the aforesaid occurrence, the Decedent, MICHAEL MARULLO, suffered severe injuries to his body and limbs, a severe shock to his nervous system and certain internal injuries, and were caused to suffer severe pain and mental anguish which said injuries resulted in death, with resulting expenses or obligation for funeral and burial, all to the damage of MICHAEL MARULLO and Plaintiffs herein.

91. The Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendant OFFICER TIMOTHY MCBRIDE, each acting within the scope of their employment, caused the death of the Decedent, MICHAEL MARULLO, by the use of a firearm, without cause or justification.

92. Said actions of the defendants, as alleged above, constitute violations of the Maryland Constitution and the Maryland Courts and Judicial Proceedings.

93. These violations were committed within the scope of the officers' employment for CITY BPCD, COUNTY and COUNTY PD, and thereby, render them liable for the wrongful death of the Decedent, MICHAEL MARULLO.

94. Defendants are responsible for the actions of said Individual Defendants that were taken in the scope of their employment as police officers.

95. Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under the terms of the Wrongful Death Statute.

**FIFTH CLAIM FOR RELIEF**

*(Assault and Battery)*

96. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

97. The direct actions of shooting and killing Marullo by the Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendant OFFICER TIMOTHY MCBRIDE, were intentional, malicious and were committed with wanton disregard for the rights of the Decedent, MICHAEL MARULLO.

98. The actions of said The Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendant OFFICER TIMOTHY MCBRIDE, were unjustified and unnecessary in the performance of their duties as police officers and were unreasonable and unwarranted and constituted an excessive use of force.

99. The actions aforesaid constituted unlawful assaults and batteries upon the Decedent, MICHAEL MARULLO.

100. The said Defendants acted in concert and conspired to commit said assaults and batteries upon Marullo.

101. As a result of said conduct of the Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendant OFFICER TIMOTHY MCBRIDE, the Decedent, MICHAEL MARULLO sustained serious and severe injuries, both physical and emotional.

102. The Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF are responsible for the actions of said Individual Defendants as the acts were committed within the scope of their employment as police officers.

103. Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under this claim.

**SIXTH CLAIM FOR RELIEF**
*(Negligence)*

104. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

105. Defendant Officers owed a duty of care to the Decedent, MICHAEL MARULLO.

106. To the extent Defendant Officers claim that the injuries to the Decedent, Decedent, MICHAEL MARULLO by the Defendant Officers were unintentionally caused and that the force

used by the Defendant Officers against him was unintentional, then the Defendants breached that duty of care by shooting the Decedent when he was unarmed and attempting to surrender.

107. As a direct and proximate result of such acts, defendants deprived the Decedent, MICHAEL MARULLO of his rights under the laws of the State of Maryland.

108. All of the foregoing occurred without any fault or provocation by the Decedent, MICHAEL MARULLO.

109. The individual officers, acting within the scope of their employment, negligently discharged their duties by failing to exercise a reasonable degree of care in the discharge of some of their duties, and thereby failed to properly communicate with the Decedent, MICHAEL MARULLO, failed to diffuse a situation, and created a dangerous situation that caused the Decedent to sustain the injuries and deprivations aforementioned.

110. The Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF are responsible for the negligence of its officers committed within the scope of their employment.

111. By the actions described above, each and every Defendant, jointly and severally, has committed the foregoing wrongful acts against the Decedent, MICHAEL MARULLO, which are actionable under the Constitution and laws of the State of Maryland.

112. The aforementioned acts and conduct proximately caused the injuries sustained by the Decedent, MICHAEL MARULLO, and violated the statutory and common law rights guaranteed to them by the Constitution and the laws of the State of Maryland.

113. Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under this claim.

## SEVENTH CLAIM FOR RELIEF
*(Municipal MONELL Claim)*

114. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

115. All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed defendants pursuant to: (a) formal policies, rules, and procedures of Defendants CITY, BCPD, COUNTY and COUNTY PD; (b) actions and decisions by Defendants CITY, BCPD, COUNTY and COUNTY PD's policymaking agents; (c) customs, practices, and usage of the Defendants CITY, BCPD, COUNTY and COUNTY PD, that are so widespread and pervasive as to constitute *de facto* policies accepted, encouraged, condoned,

ratified, sanctioned, and/or enforced by Defendants policymaking officials; (d) Defendants CITY, BCPD, COUNTY, and COUNTY PD deliberate indifference to Plaintiffs' rights secured by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, as evidenced by the Defendants CITY, BCPD, COUNTY, and COUNTY PD's failures, and the failures of the City's policymaking agents, to train, supervise, and discipline its law enforcement officers and agents, despite full knowledge of the officers' wrongful acts, as described herein.

116. The aforementioned policies, practices, rules, procedures, customs, and usages that Plaintiffs challenge herein include, but are not limited to:

   a. The use of force in service of warrants;
   b. The use of force when an individual is seeking to surrender;
   c. The participation in joint state, municipality and/or agency task forces;
   d. Authorizing members of other law enforcement departments to assist in execution of warrants without appropriate oversight of the training received by these task force members;
   e. The use of excessive force by members of the various defendant police departments without proper training;
   f. The use of SWAT teams, barricades, task forces and other law enforcement conduct in enforcing and elevating situations rather than de-escalation;
   g. A history of improper enforcement of warrants that resulted in a new Baltimore Police Guideline, policy 1007 published on February 9 2021, which if it had been published prior the incident date, MICHAEL MARULLO would likely be alive.

117. Defendants CITY, BCPD, COUNTY, and COUNTY PD were deliberately indifferent to Plaintiffs' constitutional rights as evidenced by the failure of its policymaking agents and their delegates to adequately train, instruct, supervise, and discipline its law enforcement officers and agents with respect to the aforesaid unlawful policies and practices despite full knowledge thereof.

118. It was the policy and custom of Defendants CITY, BCPD, COUNTY, and COUNTY PD to inadequately train and supervise its police officers, including the defendant police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

119. Defendants CITY, BCPD, COUNTY, and COUNTY PD County did not require appropriate in-service training or re-training of officers in the use of lethal force. In addition, the Defendants CITY, BCPD, COUNTY, and COUNTY PD did not develop and maintain adequate discipline and supervision over officers. Consequently, officers believed that their actions would not be monitored by supervisory officers and that misconduct would not be investigated or sanctioned.

120. Civil authorities have failed to develop adequate policies to limit the use of paramilitary police units to barricades, hostage situations, and terrorist attacks, rather than executing warrants. If the use of such units can be said to be appropriate for the execution of

routine drug warrants, the County should have developed policies and training adequate to protect citizens, including training police officers to sufficiently identify themselves, so that citizens will have fair warning of the presence of the police.

121. The aforementioned policymaking officials of Defendants CITY, BCPD, COUNTY and COUNTY PD had the knowledge and notice alleged in the preceding paragraph based upon numerous credible allegations and complaints and news reports.

122. Despite having adequate notice, Defendants CITY, BCPD, COUNTY, COUNTY and PD SHERRIF by its policymaking agents failed to properly instruct, train, supervise, and discipline its law enforcement officers and agents with respect to the aforesaid conduct.

123. Defendants CITY, BCPD, COUNTY, and COUNTY PD and its policymakers' deliberate indifference to its citizenry's rights is further evidenced by a failure to: conduct internal disciplinary investigations; discipline the officers who were known to engage in such misconduct; or retrain officers in appropriate use of force while serving warrants.

124. By adopting, sanctioning, enforcing, condoning, and/or encouraging unlawful policies, practices, regulations, procedures, customs, and usage, as described above, and by its deliberate indifference to Plaintiffs' rights, Defendants CITY, BCPD, COUNTY, and COUNTY PD, were the moving force behind, and foreseeably, proximately, and substantially caused, the deprivation of Plaintiff's rights, privileges, and immunities under the Fourth, Eighth and Fourteenth Amendments.

125. As a result of Defendants CITY, BCPD, COUNTY, and COUNTY PD, acts and omissions, they deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff's bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation and death; and/or otherwise damaged and injured Plaintiffs.

126. Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under this claim.

### EIGHTHCLAIM FOR RELIEF
*(Maryland Constitution)*

127. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

128. The following acts of Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF and the Individual Defendants, John Does 1-40, and Richard Roes 1-40 and Defendant OFFICER TIMOTHY MCBRIDE violated Article 24 of the Maryland Declaration of Rights which guaranteed MICHAEL MARULLO's right to be free

from unreasonable seizures without due process of law, and the right to be free from excessive force and free from the deprivation of his life and liberty:

    a. the Individual Defendants, Richard Roes 1-40, coupled with the conduct of Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF in failing to properly train and supervise the Individual Defendants John Does 1-40, and Defendant OFFICER TIMOTHY MCBRIDE as to the Fourth Amendment and their State and Federal Constitutional duties owed to MICHAEL MARULLO as a citizen of Maryland and the United States.

    b. Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF are liable on the basis of respondeat superior for all violations of the Maryland and United States Constitution by the individual Defendant police officers that deprived MICHAEL MARULLO of his rights under Article 24 of the Maryland Declaration of Rights.

    c. Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF are also liable for its own violations of the Maryland Constitution because it failed to train, monitor and supervise the Defendant police officers, and it failed to train, monitor and supervise its police force and the police force that it allowed into its jurisdiction including members of joint task forces in their actions and use of lethal force, as well as duties owed to citizens to prevent State and Federal Constitutional violations.

129.    Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF's failure to provide proper training and supervision to its own police force and that of members of joint task forces allowed to execute warrants within the State of Maryland demonstrated deliberate indifference to the safety of MICHAEL MARULLO and other civilians with whom its police officers, and joint task force law enforcement officers, come into contact. Defendants, CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF wrongful conduct in failing to properly train and supervise its own officers and that of the Joint Task Forces allowed to execute warrants within the State of Maryland, directly and proximately caused the death of MICHAEL MARULLO as well as the injuries and damages suffered by his survivors.

130.    Wherefore, all Plaintiffs demand judgment against all Defendants, jointly and severally, in an amount that exceeds $75,000 and will be determined by a jury including punitive damages plus interest and costs, in order to fully and fairly compensate Plaintiffs for all losses compensable under this claim.

## **PUNITIVE DAMAGES**

131. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

132. The acts of the Individual Defendants were willful, wanton, malicious and oppressive and were resulted in the harm to Marullo as outlined herein. Such acts therefore warrant an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

a. Compensatory damages in an amount deemed fair and just by a jury or by this honorable Court.

b. Punitive damages against the Individual Defendants;

c. A declaration that Defendants CITY, BCPD, COUNTY, and COUNTY PD were deliberately indifferent to its citizenry in the training for its officers regarding the use of force while serving warrants;

d. A declaration that Defendants CITY, BCPD, COUNTY, COUNTY PD, TOWNSHIP, LCTPD, COUNTY and SHERRIF's violated the Maryland Declaration of Rights in failing to properly train their police force, and in failing to properly supervise its own offiers and those of the Task Force that were allowed to serve warrants in the State of Maryland;

e. For the Court to retain jurisdiction in this case until the lawful conditions practice, policies, acts and omissions complained of herein no longer exist and this Court is satisfied they will not recur;

f. An award of the costs and expenses of this action including attorneys' fees to the Plaintiff pursuant to 43 U.S.C. § 1988; and

g. Any such other and further relief as this Court may deem appropriate.

DATED:   New York, New York
         April 30, 2021

By: _____
Wylie Stecklow, Esq.
Wylie Stecklow PLLC
231 W. 96th Street
Professional Suites 2b-#3
New York NY 10025
(212) 566 8000
ECF@Wylielaw.com

Caitlin Robin, Esq.
Cary London, Esq.
CAITLIN ROBIN AND ASSOCIATES PLLC
Attorney for Plaintiffs
30 Broad Street Suite 702
New York, New York 10004
(646)-524-6026

Natalie A. Finegar, Esq.
Law Offices of Natalie A. Finegar, LLC
217 North Charles Street
Third Floor
Baltimore, Maryland 21201
443-990-1809
Natalie@Finegarlaw.com